E-FILED
Friday, 06 November, 2026 03:09:06 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID WILKERSON,<br>Plaintiff,<br><br>v.<br><br>WEXFORD HEALTH SOURCES, INC.,<br>Defendants. | No.: 26-cv-4093-CRL |

ORDER

Plaintiff David Wilkerson, proceeding *pro se*, is a civil detainee at the Illinois Department of Human Service's Treatment and Detention Facility at Rushville, Illinois ("Rushville"). Plaintiff has requested leave to proceed under a reduced payment procedure for indigent plaintiffs who are institutionalized but who are not prisoners as defined in 28 U.S.C. § 1915(h).

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed *in forma pauperis* only if the complaint states a federal action.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

In his Complaint, Plaintiff alleges that he is paraplegic and that he has been confined to a wheelchair for over three decades. Plaintiff further alleges that he suffers from various medical conditions as a result of being confined to a wheelchair, including experiencing sores if not treated timely and correctly. Plaintiff also avers that he has experienced embarrassing ordeals related to his colostomy bag and the failure to receive proper and adequate medical treatment and medical equipment.

Finally, Plaintiff claims that Defendant Wexford Health Sources, Inc., is aware of his condition and is also aware of his need for better or more appropriate medical care, treatment, and equipment, but Wexford has refused to provide better or more appropriate medical care, treatment, and equipment to him. Wexford is the only Defendant named by Plaintiff in his Complaint.

Plaintiff's Complaint fails to state a claim upon which relief can be granted. As noted *supra*, the only Defendant named by Plaintiff in this lawsuit is Wexford. Plaintiff may only establish Wexford's liability under § 1983 through a *Monell* claim. *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 690 (1978).

Under *Monell*, a municipality may be liable for money damages under § 1983 if the unconstitutional act complained of is caused by: (1) an official policy adopted and

promulgated by its officers; (2) a widespread practice of constitutional violations that was "so permanent and well settled as to constitute a custom or usage with the force of law"; or (3) an official with final policy-making authority. *Id.*, 436 U.S. at 690; *Thomas v. Cook County Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2009). The policy or practice "must be the direct cause or moving force behind the constitutional violation." *Woodward v. Correctional Med. Servs. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004) (citation and internal quotation marks omitted). In other words, "[t]he critical question under *Monell* . . . is whether a municipal (or corporate) policy or custom gave rise to the harm (that is, caused it), or if instead the harm resulted from the acts of the entity's agents." *Glisson v. Indiana Dep't of Corr.*, 849 F.3d 372, 379 (7th Cir. 2017). Private contractors like Wexford that provide medical services to prisoners are subject to the same liability rules as public entities under § 1983. *Id.* at 378-79; *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 653 (7th Cir. 2021).

In the instant case, Plaintiff has not alleged any policy or custom enacted or followed by Wexford that has caused him to experience any harm or that has violated his Constitutional rights. Plaintiff makes a passing reference to Wexford wanting to maximize profits or to save money, but this passing, generalized allegation is insufficient to state a *Monell* claim. On the contrary, "[a] well-pleaded custom-or-practice *Monell* claim will not only 'identify a custom or policy' as the source of a plaintiff's injury but also 'specify what exactly that custom or policy was.'" *Collier v. Rock Island Police Officers Phillip Ledbetter*, 2016 WL 5796765, * 5 (C.D. Ill. Sept. 30, 2016) (quoting *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009)). Plaintiff's Complaint

does not satisfy this pleading standard and does not state a *Monell* claim against Wexford.

In addition and as a general proposition, unless a Wexford employee(s) can be said to have been guilty of violating Plaintiff's Constitutional rights, any alleged policy or custom that Wexford's employees were following cannot be said to have caused Plaintiff to suffer a Constitutional injury. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866 (7th Cir. 2013) (holding that it was unnecessary to determine what Wexford's policy was where the plaintiff failed to establish a constitutional problem with his treatment and did not suffer an actionable injury from the policy attributed to Wexford). *Dismukes v. Baker*, 2015 WL 1208654, * 2 (C.D. Ill. Mar. 13, 2015). Therefore, Wexford cannot be held liable unless one of its employees is held liable. Because Plaintiff has not named a Wexford employee as a Defendant that could (potentially) be found liable to him, Wexford cannot be held liable to Plaintiff.[1] For these reasons, Plaintiff's Complaint fails to state a claim upon which relief can be granted.

Nevertheless, the Court is cognizant that courts should (generally) give a *pro se* plaintiff an opportunity to try to amend his Complaint before the Court dismisses his case. *Johnson v. Piontek*, 799 F. App'x 418, 420 (7th Cir. 2020) ("Courts should grant *pro se* litigants leave to amend a complaint at least once, unless it is certain from the face of the

---

[1] On page three of his Complaint Plaintiff makes a passing reference to Nurse Practitioner Mills, but Plaintiff does not allege that Wexford employees NP Mills. More importantly, Plaintiff has not alleged what NP Mills did or did not do that violated his Constitutional rights.

complaint that amendment would be futile or otherwise unwarranted.”). The Court will afford Plaintiff such an opportunity in this case.

If he files a proposed amended complaint, Plaintiff should pay attention to the dictates of this Order and should identify the person or persons who allegedly violated his Constitutional rights, and he should allege how that person or those persons violated his Constitutional rights. If Plaintiff does not comply with this Order or if he does not submit a proposed amended complaint timely, the Court will dismiss this case.

Accordingly,

1. Based upon the Court’s review of Plaintiff’s Complaint that is required in order to rule on his motion for leave to proceed *in forma pauperis*, the Court finds that Plaintiff’s Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff is given twenty-one (21) days from the date of this Order to file a proposed amended complaint that complies with the dictates of this Order.

3. If Plaintiff fails to file a proposed amended complaint by this deadline, the Court will dismiss this case.

4. Because proceeding IFP requires that Plaintiff present a claim upon which relief can be granted and because Plaintiff’s Complaint does not contain a claim upon which relief can be granted, Plaintiff must either pay the filing fee, in full, or file another motion for leave to proceed *in forma pauperis* if and when he files a proposed amended complaint.

5. Based upon this Order, Plaintiff’s motion for leave to proceed *in forma pauperis* (Doc. 3) is DENIED with leave to re-file.

6. Based upon this Order, Plaintiff's motions for a review of his Complaint (Docs. 11, 12, 13, 14, & 15) are DENIED AS MOOT.

7. Finally, Plaintiff's motion to consolidate (Doc. 10) is DENIED. Plaintiff does not identify the case with which he wants this case to be consolidated. Regardless, until Plaintiff files a complaint that contains a claim upon which relief can be granted against a proper defendant, there is no reason to consolidate this case with any other case pending in this District.

Entered this 6th day of November, 2026

s/ Colleen R. Lawless
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE